UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV 13-3350**

------------------------------------------------------------X

CHRISTIAN CEPEDA

                              Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
ELLIS and POLICE OFFICER JOHN DOE 1-10,
the names being fictitious and presently unknown
in their individual and official capacities and
employees of the City of New York Police Department

                              Defendants.

**COMPLAINT**

**JURY TRIAL DEMAND**

BLOCK, J.

POLLAK, M J

------------------------------------------------------------X

The Plaintiff, CHRISTIAN CEPEDA, as Plaintiff, by his attorney, Marisa F. Benton, Esq., alleges the following for this Complaint:

### Nature of the Action

1. This is an action for money damages for violations of the Plaintiff's Fourth and Fourteenth Amendment Constitutional rights brought pursuant to 42 U.S.C. § 1983 as well as Article 1, §11 and §12 and the common law of the State of New York.

2. Plaintiff Christian Cepeda, alleges that the Defendants Police Officer Ellis and other officers (named as Officers John Doe 1-10) from the 101st Precinct in Queens, New York, illegally arrested him and used excessive and unjustified force upon Plaintiff during his arrest.

3. Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

4. Plaintiff also alleges that the Defendants have demonstrated a custom and policy of deliberate indifference to the constitutional rights of citizens.

## Jurisdiction

5. Jurisdiction is based upon 28 U.S.C. § § 1331 and 1343, and on the pendent jurisdiction of this Court to entertain related claims arising under state law.

## Venue

6. Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the incident giving rise to this claim occurred in the Eastern District.

## Notice of Claim

7. Within ninety days after claim arose, Plaintiff filed Notices of Claim upon Defendants City of New York by delivering copies of the notices to the person designated by law as a person to whom such claims may be served.

8. The Notice of Claim was in writing, sworn to by Plaintiff and contained the name and address of the Plaintiff.

9. The Notices of Claim set out the nature of the claim, the time when, the place where, and the manner by which the claim arose, and the damages and injuries claimed to have been sustained by Plaintiff.

10. The City of New York has neglected and failed to adjust the claims within the statutory time period.

## Jury Demand

11. Plaintiff demands trial by jury in this action and every one of his claims.

## Parties

12. Plaintiff is a citizen of the United States, and at all relevant times, a resident of the District of New York, Second Department. The Plaintiff has never been arrested prior to this incident.

13. Defendant CITY OF NEW YORK is a Municipal Corporation duly incorporated and existing pursuant to the laws of the State of New York, pursuant to sec. 431 of its Charter. The City of New York has established and maintains a Department of Police as a constituent department or agency of the Defendant.

14. At all relevant times, the City of New York and its Police Department (hereafter "NYPD") employed the Defendants, who are identified below.

15. Defendant Officer Ellis is employed by the NYPD, acting under color of law at all times relevant to this Complaint, and is sued in his individual capacity as a police officer for the Defendant NYPD.

16. Defendants JOHN DOES 1 through 10 are representative of several police officers employed by the NYPD, acting under color of law at all times relevant to this Complaint, and are sued in their individual capacity as a police officer for the Defendant NYPD.

17. Defendants (the "individual Defendants") were at all relevant times, on duty on April 15, 2012.

18. NYPD is municipality duly authorized under the laws of the State of New York.

## Statement of Facts

19. At all times relevant herein, Plaintiff was conducting himself lawfully and was not acting in violation of any of the laws of the State of New York.

20. On or about April 15, 2012, at approximately 11:30 p.m., 105 Beach 56th Place, 12th floor, apartment 102, Arverne, New York, 11692, various New York City Police Officers, including the individual Defendant Officer Ellis, was conducting an arrest of Plaintiff's brother.

21. One of the Defendant officers grabbed Plaintiff and shoved him into a wall chin first, and proceeded to use his forefinger and thumb to twist Plaintiff's ear, resulting in a scar.

22. Other Defendant officers joined in the assault, punching Plaintiff in his neck and causing his head to hit the wall. Subsequently, another Defendant officer lifted Plaintiff from the ground and slammed him onto the floor. Thereafter, the Defendant officer proceeded to stomp on Plaintiff's head and kicked him in the face causing him to sustain multiple injuries and pain.

23. Eventually the officers arrested Cepeda for Obstructing Government Administration in the second degree, Resisting Arrest, and Disorderly Conduct under DKT 2010KN062969 and took him to the 101st precinct on 116-91 Mott Ave Far Rockaway, New York.

24. While at precinct, Plaintiff fell ill as a result of assault. Paramedics arrived at precinct and transported Plaintiff to hospital.

25. Four days later, after being released from custody, Plaintiff was hospitalized at St. Johns, where he received a CAT scan. The CAT scan revealed that Plaintiff suffered from a deviated septum, bruising, and lacerations, in addition to his frequent headaches, weakness, and discomfort.

26. Criminal charges against Plaintiff resulted in an Adjournment in Contemplation of Dismissal (ACD).

27. Defendant NYPD knew that a situation where a member of the public might pose a threat towards the NYPD Officer would impose a difficult decision upon said police officers and knew that proper training or supervision, especially in, but not limited to, the area of Constitutional law would ameliorate the danger of said police officers from making a wrong or illegal decision in such a situation.

28. Defendants NYPD knew that if its police officers made a wrong or illegal decision in such a situation, it would likely result in violation of an individual's constitutional rights.

29. The above-described actions of Defendant Officer Ellis and Officer John Does 1-10, clearly indicate that Defendants lack the necessary temperament, discipline, and mental stability to be police officers and to interact with members of the public.

30. Proper screening by Defendants NYPD would have caused Defendants NYPD to identify the above-described deficiencies of Defendants Officer Ellis and Officer John Does 1- 10 prior to hiring and employing them as NYPD Police Officers.

31. Defendants NYPD failed to properly train and screen Defendant Officer Ellis and Officer John Does 1-10 before hiring them and therefore negligently hired and employed Defendants Officer Ellis and Officer John Does 1-10.

32. Proper screening, training and supervision of Defendants would have caused Defendants NYPD to identify the above described deficiencies of Defendants Officer Ellis and Officer John Does 1-10 after they had been negligently hired and employed as NYPD Police Officers.

33. Defendants NYPD failed to properly screen, train and supervise Defendants Officer Ellis and Officer Does 1-10 after hiring them and therefore negligently trained, supervised, and retained Defendants Officer Ellis and Officer John Does 1-10 after negligently hiring and employing them as NYPD Officers.

34. As a direct and proximate result of the above said acts of the Defendants, Plaintiff suffered deprivation of his constitutional and state law rights; physical and psychological injuries; damage to reputation; loss and damage to property; legal fees and medical and legal expenses.

### Federal Claims

### FIRST CAUSE OF ACTION
(Deprivation of Rights under 42 U.S.C. § 1983)

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "35" with the same force and effect as if fully set forth herein.

36. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

37. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

38. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

39. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the NYPD, all under the supervision of ranking officers of said department.

40. Thus the lack of training, hiring, and screening procedures on the part of the NYPD, predictably, led to the constitutional violations in this case.

41. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/ authority, which is forbidden by the Constitution of the United States.

## SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

42. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

43. The level of force employed by Defendants was excessive, objectively unreasonable and otherwise in violation of Plaintiff's constitutional rights.

44. As a result of the aforementioned conduct of Defendants, Plaintiff was subjected to excessive force and sustained physical injuries.

45. By the actions described above in paragraphs 1 through 45, the Defendants, acting under color of law, deprived the Plaintiff of his right to be free from unreasonable seizures and to be free from the use of the excessive force, all in violation of 42 U.S.C. § 1983 and his Fourth and Fourteenth Amendment rights as guaranteed by the United States Constitution.

### THIRD CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein. Defendants had an affirmative duty to intervene on behalf of Plaintiff, whose constitutional rights were being violated in their presence by other officers.

47. The Defendants failed to intervene to prevent the unlawful conduct described herein.

48. As a result of the foregoing, Plaintiff was put in fear of his safety, was humiliated, and was subjected to unjustified physical abuse. Further, Plaintiff sustained severe and permanent physical injuries.

### FOURTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

50. The supervisory Defendants personally caused Plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

51. The supervisory Defendants were personally involved in either ordering, or failing to take preventative and remedial measures to guard against, Plaintiff's constitutional deprivations. The supervisory Defendants knew, or in the exercise of due diligence, should have known that the actions taken against Plaintiff by the named and unnamed individual police officer defendants was likely to occur.

52. The failure of the individual supervisor Defendants to train, supervise and/or discipline the named and unnamed individual police officer defendants with respect to the constitutional rights of civilians amounted to gross negligence, deliberate indifference or intentional misconduct which directly and proximately caused the injuries and damages to plaintiffs set forth above.

### FIFTH CAUSE OF ACTION
(*Monell* Claim Against Defendant CITY under 42 U.S.C. § 1983)

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

54. All of the acts and omissions by the named and unnamed individual police officer defendants described above were carried out pursuant to overlapping policies, customs, and practices of the city of New York which were in existence at the time of the conduct alleged herein and were engaged in with the full knowledge, consent and cooperation and under the supervisory authority of the Defendants City of New York and the NYPD.

55. Defendants City of New York and NYPD, by their policy-making agents, servants and employees, authorized, sanctioned and/or ratified the individual police Defendants' wrongful acts; and/or failed to prevent or stop those acts; and/or encouraged those acts to continue.

56. The actions of the individual police Defendants resulted from and were taken pursuant to the following *de facto* policies and/or well-settled and widespread customs and practices of the City of New York, which are implemented by members of the police department:

   a. Special units are encouraged by their supervisors and/or tacitly allowed by the NYPD, physically to brutalize suspects and arrestees without consequence—*i.e.*, without fear or reprimand, discipline or even training by the Department;

   b. NYPD officers engage in systemic and ubiquitous perjury, both oral and written, to cover up constitutional and state law violations committed against civilians by either themselves or their fellow officers, supervisors and/or subordinates. They do so with the knowledge and approval of their supervisors, commanders and Police Commissioner Raymond W. Kelley who all:

   (i) Tacitly accept and encourage a code of silence wherein police officers refuse to report other officers' misconduct or tell false and/or incomplete stories, *inter alia*, in sworn testimony, official reports, in statements to the Civilian Complaint Review Board ("CCRB") and the Internal Affairs Bureau ("IAB"), and in public statements designed to cover for and/or falsely exonerate accused police officers; and

   (ii) Encourage and/or fail to discipline officers for "testilying" and/or fabricating false evidence to initiate and continue the malicious prosecution of civilians in order to cover-up civil rights violations perpetrated by themselves or fellow officers, supervisors and/or subordinates against those civilians; and

   c. The NYPD, with the knowledge, approval and encouragement of Police Commissioner Raymond W. Kelley fails to properly train, supervise and/or discipline officers concerning First Amendment rights of bystanders to observe and protest police misconduct without suffering retaliatory use of force, false arrest and/or malicious prosecution.

57. The existence of the foregoing unlawful *de facto* policies and/or well-settled and widespread customs and practices is known to, encouraged and/or condoned by supervisory and policy-making officers and officials of the NYPD and the City of New York without limitation.

58. Despite knowledge of such unlawful *de facto* policies, practices and/or customs, these supervisory and policy-making officers and officials of the NYPD and the City of New York, including Defendant Commissioner Raymond W. Kelley, have not taken steps to terminate these policies, practices and/or customs, do not discipline individuals who engage in such policies, practices and/or customs, or otherwise properly train, screen, and/or hire police officers who dutifully constitutional and statutory limits on the exercise of their authority, and instead sanction and ratify these policies, practices and/or customs through their active encouragement of, deliberate indifference to and/or reckless disregard of the effect of said policies, practices and/or customs upon the constitutional rights of persons in the City of New York.

59. The aforementioned CITY policies, practices, and/or customs of failing to supervise, train, hire, screen and or instruct and discipline police officers and encouraging their misconduct are evidenced by the police misconduct detailed herein.

60. Upon information and belief the Defendant police officers herein were the subject of prior civilian and departmental complaints of misconduct that gave notice to, or should have given notice to Defendant City of New York and its agency, the NYPD, that the defendant police officers herein were likely to engage in conduct that would violate the civil and constitutional rights of the public, such as the conduct complained of the by the plaintiff herein.

61. The plaintiff's injuries were a direct and proximate result of the Defendant City of New York and its agency, the NYPD's wrongful *de facto* policies and/or well-settled and widespread customs and practices and of the knowing and repeated failure of the Defendant City of New York and the NYPD to properly supervise, train and discipline their police officers.

62. The Defendant City of New York knew or should have known that the acts alleged herein would deprive plaintiff of his rights, in violation of their Constitutional rights protected under applicable Federal and state law.

63. The Defendant City of New York is directly liable and responsible for the acts of the individual police Defendants because it repeatedly and knowingly failed to properly supervise, train, instruct, and discipline them and because it repeatedly and knowingly failed to enforce the rules and regulations of the NYPD, and to require compliance with the constitutions and laws of the State of New York and the United States.

## SIXTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

64. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

65. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/ authority, which is forbidden by the Constitution of the United States.

66. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, physically abusing citizens and then committing perjury and/or manufacturing evidence in an effort to convict such individuals and placing them in enhanced restraint status; pursuant to a policy, custom or practice of using head strikes without justification; and pursuant to a culture of the "blue wall of silence." In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of Plaintiff's rights as described herein. As a result of the failure of the City of New York to properly

recruit, screen, train, discipline, and supervise its officers, including the individual defendants, Defendant City of New York has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

67. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD constituted deliberate indifference to the safety, well being and constitutional rights of Plaintiff.

68. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

69. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD were the moving force behind the Constitutional violations suffered by Plaintiff as alleged herein.

70. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, Plaintiff was unlawfully arrested, beaten, and subjected to physical abuse.

71. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating Plaintiff's constitutional rights.

72. All of the foregoing acts by defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

    A.    To be free from excessive force;

    B.    To be free from the failure to intervene;

    C.    To receive equal protection under law; and

73. As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

74. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

75. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

76. The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

77. The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

78. Plaintiff has complied with all conditions precedent to maintaining the instant action.

79. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

## SEVENTH CAUSE OF ACTION
### (Assault under the laws of the State of New York)

80. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

81. As a result of the foregoing, Plaintiff was placed in apprehension of imminent harmful and offensive bodily contact.

82. As a result of defendant's conduct, Plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## EIGHTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

83. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

84. Defendants made offensive contact with Plaintiff without privilege or consent.

85. As a result of defendant's conduct, Plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## NINTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

86. Plaintiff repeats, reiterates and each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

87. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

88. The aforementioned conduct was committed by Defendants while acting within the scope of their employment by Defendant City of New York.

89. The aforementioned conduct was committed by Defendants while acting in furtherance of their employment by Defendant City of New York.

90. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to Plaintiff.

91. As a result of the aforementioned conduct, Plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## TENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

92. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

93. Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid Defendants who conducted and participated in the unlawful arrest, the physical beating and physical abuse of Plaintiff.

94. Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

## ELEVENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

95. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

96. Upon information and belief the Defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid Defendants who conducted and participated in the unlawful arrest, physical beating and physical abuse of Plaintiff.

## TWELVETH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

97. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "97" with the same force and effect as if fully set forth herein.

98. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the Defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## THIRTEENTH CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of New York)

99. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "99" with the same force and effect as if fully set forth herein.

100. Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

101. As a result of the foregoing, Plaintiff is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of their action.

## REQUEST FOR RELIEF

102. **WHEREFORE**, Plaintiff respectfully requests that judgment be entered as follows:

(A)　Declaratory relief as follows:

  1. A declaration that Plaintiff' right to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments of the United States Constitution was violated;

  2. A declaration that Plaintiff' right to be free from unreasonable searches and seizures under New York State Constitution was violated;

    3.     A declaration that Plaintiff' right to be free from excessive and unreasonable force under the Fourth and Fourteenth Amendments of the United States Constitution was violated;

    4.     A declaration that Plaintiff's right to be free from malicious prosecution under the United States Constitution was violated;

(B)     A declaration that Plaintiff's right to be free from excessive and unreasonable force under the New York State Constitution was violated;

(C)     Compensatory damages in an amount to be determined by a jury;

(D)     By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages in an amount to be fixed at trial;

(E)     An award to Plaintiff of the costs and disbursements herein;

(F)     An award of attorney's fees under 42 U.S.C. §1988;

(G)     Such other and further relief as this Court may deem just and proper.

Dated: June 12, 2013, Brooklyn New York

*[signature]*

TO:    New York City  
        Corporation Counsel Officer  
        100 Church Street, 4th Floor  
        New York, NY 10038

Marisa F. Benton, Esq.  
Attorney For Plaintiff  
32 Court Street, Suite 707  
Brooklyn, NY 11201  
(718) 625-6777 ext 402 (o)  
(718) 576-6799(f)

**Officers**  
101st Precinct  
16-12 Mott Avenue  
Far Rockaway, NY 11691

1 Police Plaza  
New York, NY 10038

17